An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DELBERT CHARLES COBB,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61929

FILED

MAY 13 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Abbi Silver, Judge.

On appeal from the denial of his August 16, 2010, petition, appellant first argues that the district court erred in denying some of his claims of ineffective assistance of trial counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give

deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant argues that counsel was ineffective for failing to prepare for trial. Specifically, appellant claims that investigator J. Osterman did not meet with appellant until right before trial, resulting in a failure to investigate a list of potential leads due to time constraints, and that counsel failed to timely provide appellant with the transcripts from a pretrial hearing until a few days before trial, thereby preventing an adequate investigation of appellant's "list of salient points" to rebut testimony from that hearing. Appellant's bare claims have failed to demonstrate deficiency or prejudice. *See Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984). Appellant does not attempt to explain why he did not provide the leads to counsel in the several years preceding trial, nor does he dispute the district court's finding, which was supported by evidence in the record, that counsel had been utilizing a different investigator until shortly before trial. Further, appellant fails to state what leads or "salient points" should have been investigated, what the results would have been, or how it would have affected the outcome of the trial. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004). We therefore conclude that the district court did not err in denying this claim.

Second, appellant argues that counsel was ineffective for failing to conduct a pretrial interview of victim J. Lopez, Jr. Appellant has failed to demonstrate deficiency or prejudice. Appellant has not shown that counsel was objectively unreasonable in not interviewing a victim

who repeatedly told police that he could not remember details of the shooting and who did not identify appellant in a photographic lineup. At trial, the victim maintained that he could not remember, and at the evidentiary hearing for the instant petition, the victim testified that at the time of trial he felt that the best way to help appellant was to continue to maintain that he could not remember. We therefore conclude that the district court did not err in denying this claim.

Third, appellant argues that counsel was ineffective for failing to request that the jury be instructed that it must presume the two murder weapons lacked appellant's fingerprints because the State failed to test the murder weapons for fingerprints. Appellant has failed to demonstrate deficiency or prejudice. Appellant admitted at trial to handling, and was previously convicted of crimes involving the discharge of, one of the firearms, and he was acquitted of the crime involving the other firearm. Thus a lack of prints would not have exculpated him. Further, two defense witnesses, one of whom was a former member of appellant's gang, testified that gang members passed guns among themselves, and accordingly, the presence of prints other than appellant's would also not have been exculpatory. We therefore conclude that the district court did not err in denying this claim.

Fourth, appellant argues that counsel was ineffective for failing to object to the hearsay testimony of A. Melendez, which allegedly portrayed him as a violent man with criminal tendencies. Appellant has failed to demonstrate deficiency or prejudice. The testimony of the witness, who was subject to cross-examination, was elicited as a prior inconsistent statement, which is excluded from the definition of hearsay.

*See* NRS 51.035(2)(a). Further, appellant had pleaded guilty to the crime about which the witness was testifying, which included an enhancement for gang activity. We therefore conclude that the district court did not err in denying this claim.

Fifth, appellant argues that counsel was ineffective for failing to object to leading questions posed by the State. Appellant has failed to demonstrate deficiency or prejudice. Most of the questions to which appellant refers did not lead but rather recapped the witness's prior testimony before posing a new question. The few that could arguably be considered leading were of such minor consequence that counsel was not objectively unreasonable in not objecting to them. We therefore conclude that the district court did not err in denying this claim.

Sixth, appellant argues that counsel was ineffective for failing to object to the expert testimony of a witness who had not been noticed as an expert. Appellant has failed to demonstrate deficiency or prejudice. Appellant did not ask counsel about this witness at the evidentiary hearing nor demonstrate that it was objectively unreasonable for counsel to refrain from objecting to testimony that is only questionably expert in nature. Further, the allegedly expert testimony to which appellant now objects had already largely been admitted via other witnesses such that he could not demonstrate a reasonable probability of a different outcome at trial had the testimony been excluded. We therefore conclude that the district court did not err in denying this claim.

Seventh, appellant argues that counsel was ineffective for failing to move for a new trial based on juror misconduct. Appellant has failed to demonstrate deficiency or prejudice. The district court's findings

that the jurors were aware of the existence of, but not the content of, various media reports of the trial, as well as that the existence of such reports did not affect the jurors' ability to render a fair and impartial verdict, was supported by substantial evidence in the record. We therefore conclude that the district court did not err in denying this claim.

Eighth, appellant argues that counsel was ineffective for admitting appellant's guilt during the opening statements to the penalty phase of the trial. Appellant has failed to demonstrate deficiency or prejudice. Counsel did not insinuate appellant's guilt, but rather commented on the jury's ability to sift through a lot of disparate information during the guilt phase of trial. We therefore conclude that the district court did not err in denying this claim.

Finally, appellant argues that the cumulative effect of counsel's errors warrants reversal of his conviction. Because appellant failed to demonstrate error, he necessarily failed to demonstrate cumulative error.

Next appellant argues that he is entitled to a new trial based on newly discovered evidence: the testimony of J. Lopez, Jr. Even were such a claim cognizable in a post-conviction petition for a writ of habeas corpus, appellant's claim is untimely. A motion for new trial based on new evidence must be raised within two years of the verdict. NRS 176.515(3). Appellant's verdict was rendered on May 1, 2007, but the instant petition was filed more than three years later. Moreover, as a separate and independent ground to deny relief, appellant could not have met the requirements for a new trial even had his motion been timely filed. The district court found Mr. Lopez to be utterly lacking in credibility, such that

his new information would not have "render[ed] a different result probable upon retrial." *Sanborn v. State*, 107 Nev. 399, 406, 812 P.2d 1279, 1284 (1991).

For the foregoing reasons, we conclude that appellant's claims are without merit, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Abbi Silver, District Judge
       Oronoz & Ericsson
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk